883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil-Ullah AL-MUHAYMIN, Plaintiff-Appellant,
v.
Pam FILLMORE; David Newberry; Herman C. Davis; Stephen
Norris; Charles Butturini; Barry Branam,
Defendants-Appellees.
 No. 89-5076.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Khalil-Ullah Al-Muhaymin, a pro se prisoner at the Fort Pillow State Farm in Tennessee, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, plaintiff sued various prison officials alleging that they have discriminated against him in their cell and job assignments on the basis of his race and religious beliefs as a Muslim. Defendants filed various motions to dismiss to which plaintiff responded. The matter was referred to a magistrate whose report and recommendation was adopted by the district court. In addition, citing to 28 U.S.C. Sec. 1915(d) the district court found that plaintiff could prove no set of facts which would entitle him to relief against defendant Branam. The district court properly noted that no objections to such report had been filed. Subsequently, plaintiff filed objections to the report and thereafter filed a motion for reconsideration. Upon considering both the motion and plaintiff's objections, the district court denied the motion for reconsideration.
 
 
 3
 Upon consideration, we conclude that the district court correctly dismissed plaintiff's claims of race discrimination as barred by res judicata. Plaintiff was a member of the class certified earlier in Tuggle v. Pelligrin, 3-83-1009 and 3-84-0260, (E.D.Tenn.), involving alleged racial discrimination in cell and job assignments in institutions operated by the Tennessee Department of Corrections, as is the Fort Pillow State Farm. In the final consent decree entered in Tuggle, it was expressly provided at paragraph ten as follows:
 
 
 4
 This order shall finally extinguish all liability by any official or employee of the Tennessee Department of Corrections to all named plaintiffs and class members for all claims which were raised or could have litigated in this action.
 
 
 5
 All members were given fair due process notice of the terms of the decree and a few members even objected and took an appeal to this court. This plaintiff was not one of those who appealed. The settlement decree was affirmed on appeal in Mitchell v. Dutton, nos. 87-5574 etc. (Jan. 3, 1987), and thus became final and fully enforceable as to all parties and members of the class.
 
 
 6
 Although plaintiff filed the instant suit before the decree was affirmed by this court, the decree nonetheless acts as a complete bar to plaintiff's present suit as it arises from the same cause of action as was involved in Tuggle. Plaintiff is merely seeking relief on a different legal theory which could have been asserted in Tuggle. By operation of the expressed aforementioned language in Tuggle and pursuant to the doctrine of res judicata (claim preclusion), this suit is barred, and was hence properly dismissed. See White v. Colgan, 781 F.2d 1214, 1216 (6th Cir.1986); Schlegel Mfg. Co. v. USM Corp., 525 F.2d 775, 780 (6th Cir.1975) (per curiam), cert. denied, 424 U.S. 912 (1976).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.